UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BRUNO, | ) | CASE NO. 1: 02 CV 1611 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION |
| JULIUS WILSON, WARDEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William Baughman. The Report and Recommendation (ECF # 24), submitted on October 5, 2005, is hereby ADOPTED by this Court.

**Procedural and Factual Background**

A jury found Petitioner guilty of murder with firearm specifications. Petitioner was sentenced to fifteen years to life, with a three-year sentence for the gun specifications to run consecutively.

Petitioner filed a federal Petition for a Writ of Habeas Corpus with this Court on August 16, 2002. (ECF # 1.) Petitioner raises the following grounds for relief:

**Ground One: FOURTEENTH AMENDMENT.**

**Supporting Facts:** Petitioner, who was under the age of 18 years, was charged with murder in the Juvenile Court of Cuyahoga County. That court apparently bound him over to the Common Pleas Court to be tried as an adult. However, no journal entry was ever entered by the Juvenile Court binding the case over. However, at most, the Juvenile Court could only have bound the case over for the offense of murder. However, contrary to any direction from the Juvenile Court petitioner was indicted for aggravated murder.

**Ground Two: FOURTEENTH AMENDMENT.**

**Supporting Facts:** Petitioner was denied a fundamentally fair trial when

evidence concerning other alleged bad acts was offered into evidence. The trial court gave no limiting instruction to the jury. Further, defense counsel had requested notice of the prosecutor concerning whether other of [sic] other bad acts would be offered. However no notice was given to petitioner or his counsel.

**Ground Three: SIXTH AND FOURTEENTH AMENDMENTS.**

**Supporting Facts:** Petitioner was denied due process of law and his right of confrontation and cross-examination when the court permitted the prosecutor to question a co-defendant regarding his statement given to the police. Moreover the court gave no limiting instruction to the jury concerning the use of this evidence. In addition, there was evidence that a co-defendant had entered a plea. The court gave no limiting instruction concerning any consideration as to the plea given by a co-defendant.

**Ground Four: FOURTEENTH AMENDMANT [sic].**

**Supporting Facts:** Petitioner was denied a fair trial when evidence concerning gang related activity was presented to show that petitioner had a bad character. Petitioner, at no time offered his character into evidence and the introduction of gang related matters deprived petitioner of a fair trial[.]

**Ground Five: FOURTEENTH AMENDMENT.**

**Supporting Facts:** Petitioner was denied a fair trial when the court permitted a coroner to testify as to her opinion as to gunshot distances. Moreover, the court allowed gruesome and horrific autopsy photographs to be received into evidence. This evidence was exacerbated by the allowance into evidence concerning the family characteristics of the decedent.

**Ground Six: FOURTEENTH AMENDMENT.**

**Supporting Facts:** Petitioner was denied a fair trial by reason of improper argument by the prosecutor. The prosecutor made improper statements, appealed to passion and prejudice, misrepresented the evidence and otherwise engaged in conduct which deprived petitioner of a fair trial.

**Ground Seven: FOURTEENTH AMENDMENT.**

**Supporting Facts:** Petitioner was denied due process of law when he was allowed to be convicted of murder, a specific intent offense, upon a showing of mere negligence. Moreover, the court gave the jury an unconstitutional instruction concerning a presumption.

>    **Ground Eight: FOURTEENTH AMENDMENT.**
>
>    **Supporting Facts:** Petitioner was denied a fair trial when the court instructed the jury on voluntary manslaughter by giving conflicting jury instructions concerning the elements of that offense.  This deprived petitioner of his right to present a defense and allow the jury to properly consider the lesser offense of voluntary manslaughter.
>
>    **Ground Nine: SIXTH AMENDMENT.**
>
>    **Supporting Facts:** Petitioner was denied effective assistance of counsel when his trial counsel failed to request an instruction on accident.

(ECF # 1 at 5-6A.)

Pursuant to Local Rule 72.2, this matter was referred to Magistrate Judge Baughman for the preparation of a report and recommendation.  Magistrate Judge Baughman issued his Report and Recommendation on October 5, 2005, recommending that Petitioner's Writ of Habeas Corpus be denied.  (ECF # 24.)

Petitioner filed his objections and exceptions to that Report and Recommendation on November 9, 2005.   (ECF # 28.)   Respondent did not respond to Petitioner's objections.  The Court herein reviews the Report and Recommendation and Petitioner's objections.

## Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo.  FED. R. CIV. P. 72(b) provides this standard of review.  It states, in pertinent part, the following:

>    The district judge to whom the case is assigned shall make a de novo
>    determination upon the record, or after additional evidence, of any
>    portion of the magistrate judge's disposition to which specific written
>    objection has been made in accordance with this rule.  The district
>    judge may accept, reject, or modify the recommended decision, receive

> further evidence, or recommit the matter to the magistrate judge with
> instructions.

Accordingly, this Court will review the Report and Recommendation, to which objections have been filed, de novo. *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

## Conclusion

This Court has reviewed the Report and Recommendation of this case de novo and has considered all of the pleadings, affidavits, motions, and filings of the parties. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

Petitioner asserts that the Magistrate Judge erred in recommending that Petitioner's petition should be dismissed for several reasons. First, Petitioner claims that the Magistrate Judge failed to correctly analyze the law relevant to his claim that he was not properly bound over. Second, Petitioner asserts that the Magistrate Judge did not "conduct an analysis of what occurred in this case with its resulting unfairness to petitioner." (ECF # 28 at 4.) Third, Petitioner argues that the Magistrate Judge "missed the point" in his analysis "of the claim that the petitioner was denied his right of confrontation and cross-examination, when statements made by a co-defendant, Daniel Dunning[,] were offered." (*Id.* at 13.) Fourth, Petitioner claims that the Magistrate Judge "glossed over" Petitioner's claim of prosecutorial misconduct. (*Id.* at 16.) Fifth, Petitioner asserts that the Magistrate Judge erred in finding that there was no evidence that faulty instructions infected the trial proceedings. Finally, Petitioner claims that the Magistrate Judge incorrectly determined that an instruction on accident would have been futile.

This Court has thoroughly reviewed each of Petitioner's objections, and the arguments and law set forth in support of the same. The Court finds that each issue raised by Petitioner was considered

and addressed by the Magistrate Judge, and nothing stated in Petitioner's objections convinces this Court that the Magistrate Judge's Report and Recommendation is in error. Although Petitioner insists that the Report and Recommendation should have been more detailed in its analysis concerning, for example, evidence relating to prior by acts and gang affiliation, the Court finds the Report and Recommendation to be well-written, well-supported, and correct. Accordingly, Petitioner's objections to the Report and Recommendation are OVERRULED, the Report and Recommendation of Magistrate Judge Baughman is hereby ADOPTED, and Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

*s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: December 15, 2005